1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8                   EASTERN DISTRICT OF CALIFORNIA

9

EXXON MOBIL CORPORATION,        )        1:12cv0456 AWI DLB
10                                      )
                                        )        FINDINGS AND
11                                      )        RECOMMENDATION
              Plaintiff,                )        REGARDING PLAINTIFF'S
12                                      )        MOTION FOR DEFAULT JUDGMENT
                                        )
13        vs.                           )        (Document 9)
                                        )
14   FUTURE GROUP LLC,                  )
                                        )
15                                      )
              Defendants.               )
16   _____)

17        On June 1, 2012, Plaintiff Exxon Mobil Corporation filed the instant motion for default

18   judgment against Defendant Future Group LLC.  The motion was referred to this Court pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  The matter was heard on June 29, 2012, before the

20   Honorable Dennis L. Beck, United States Magistrate Judge.  Aaron Davidson appeared

21   telephonically on behalf of Plaintiff Exxon Mobil Corporation.  Defendant Future Group LLC did

22   not appear.

23                          **PROCEDURAL BACKGROUND**

24        Plaintiff Exxon Mobil Corporation ("Plaintiff") filed this trademark infringement, unfair

25   competition and dilution action on March 26, 2012, against Defendant Future Group LLC

26   ("Defendant").  By its complaint, Plaintiff seeks injunctive relief, treble damages, an accounting and

27   reasonable attorney fees and costs.

28                                       1

1    On March 27, 2012, Plaintiff personally served Defendant's registered agent for service,

2 Speigel & Utrera, P.A.  The process server provided David Wright, a clerk authorized to accept

3 service, a copy of the summons, complaint and related documents.  Doc. 7.  Defendant did not file an

4 answer to the complaint or any other responsive pleading.

5    On June 1, 2012, Plaintiff filed the instant motion for entry of default and default judgment.

6 Defendant has not filed an opposition or otherwise contacted the Court.

7                              **FACTUAL BACKGROUND**[1]

8    Since 1934, Plaintiff has continuously used the trademark and service mark MOBIL in

9 connection with a variety of products and services, including the sale and promotion of motor oils,

10 lubricant, motor fuels, chemical products and automotive lubrication services.  Since 1966, Plaintiff

11 has presented its MOBIL mark in a distinctive stylized format.  Additionally, Plaintiff has used its

12 MOBIL 1 mark in connection with its motor oil product and has used its MOBIL 1 LUBE EXPRESS

13 mark to promote the sale of engine lubricants and automotive lubrication services.  Plaintiff owns

14 several federal trademark registrations for these MOBIL marks (collectively "MOBIL Marks").

15    Defendant is displaying signs bearing the MOBIL Marks at its quick lube facility located at

16 6611 Rosedale Highway, Bakersfield, California 93308.  Defendant's use of the MOBIL Marks is

17 without Plaintiff's permission or authority.

18    On July 5, 2011, Plaintiff sent Defendant notice of its intellectual property rights and

19 Defendant's trademark violations.  Plaintiff demanded that Defendant cease and desist from using

20 and infringing the MOBIL Marks.  When Defendant failed to respond, Plaintiff's counsel sent cease

21 and desist letters to Defendant on November 8, 2011, and January 6, 2012.  Defendant failed to

22 respond to the cease and desist letters.  Instead, after the November 8, 2011 letter, Defendant

23 modified its signs to add an "L" to the end of the MOBIL mark.  Defendant continues to display

24 signs bearing the MOBIL Mark.

25

26 ───────────────

27    [1]The factual background is derived from the Complaint.

28                                        2

**DISCUSSION**

**I.      Entry of Default**

Federal Rule of Civil Procedure 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Here, Plaintiff served Defendant on March 27, 2012, through Defendant's registered agent for service of process. Defendant's answer or responsive pleading was due on April 17, 2012. Defendant did not serve or file an answer or otherwise respond to the complaint. Declaration of Kevin Cadwell ("Cadwell Dec.") ¶¶ 4-5. Therefore, the Court recommends that the Clerk of the Court be directed to enter Defendant Future Group LLC's default.

**II.      Default Judgment**

A.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

B.    *Eitel* Factors

      1.   Possibility of Prejudice to the Plaintiff

Defendant has failed to respond or appear in this action.  As a result, Plaintiff will be without options for defending its trademark rights if a default judgment and a permanent injunction are not entered in its favor.  Accordingly, this factor weighs in favor of granting default judgment.

      2.   Merits of Substantive Claims and Sufficiency of the Complaint

Plaintiff's complaint alleges claims for: (I) federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) unfair competition under California law; and (v) dilution under the California Business and Professions Code § 14247.  Plaintiff contends that its substantive claims are supported by the complaint and the complaint is sufficient.

    i.    Federal Trademark Infringement, Federal Unfair Competition and Unfair Competition under California law

To prevail on its claims of trademark infringement and unfair competition, Plaintiff must show that: (1) it has a valid, protectable trademark, and (2) that Defendant's use of the mark is likely to cause confusion.  *See Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *see also Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178-80 (9th Cir. 1988) ("ultimate test for unfair competition is exactly the same for trademark infringement: whether the public is likely to be deceived or confused by the similarity of the marks") (internal quotations and citation omitted); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631-32 (9th Cir. 2008).

Here, Plaintiff alleges the facts necessary to establish trademark infringement and unfair competition by Defendant's use of the MOBIL Marks.  First, Plaintiff owns valid and protectable registered trademarks. Complaint ¶¶ 11-21, 22 and Exhibit A.  Registration of a mark on the principal register is prima facie evidence of the validity of the marks.  *Applied Info.*, 511 F.3d at 970.

Second, Defendant's continued use of the MOBILL mark on its storefront is likely to cause confusion, mistake and deception of customers and potential customers . Complaint ¶¶ 23, 35, 38 44,

1    and Exhibit B3;  Declaration of Michael O'Leary ("O'Leary Dec.") ¶ 2 and Exhibit A.  In the Ninth

2    Circuit, courts review eight so-called *Sleekcraft* factors when considering whether to find a

3    likelihood of confusion: (1) the similarity of the marks; (2) the relatedness of the two parties' goods

4    or services; (3) the marketing channels used; (4) the strength of the mark; (5) the defendant's intent

5    in selecting the mark; (6) any evidence of actual confusion; (7) the likelihood of expansion into other

6    markets; and (8) the degree of care likely to be exercised by purchasers.  *AMF Inc. v. Sleekcraft*

7    *Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  This "eight-factor test for likelihood of confusion is

8    pliant" and "[s]ome factors much more important than others, and the relative importance of each

9    individual factor will be case-specific." *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174

10   F.3d 1036, 1045 (9th Cir. 1999).

11          As to similarity, the marks are nearly identical, i.e., MOBIL v. MOBILL, and the addition of

12   a letter is not sufficient to remove any likelihood of confusion.  *See, e.g., Brookfield*, 174 F.3d at

13   1055 ("moviebuff.com" likely to be confused with "MovieBuff"); *Park 'n Fly, Inc. v. Dollar Park*

14   *and Fly, Inc.*, 782 F.2d 1508, 1509 (9th Cir. 1986) ("two marks, "Park 'N Fly" and "Park and Fly,"

15   are virtually identical").  As to relatedness of good or services, the products and services are nearly

16   identical since Plaintiff sells and promotes motor oils and lubricants in connection with automotive

17   lubrication services and Defendant operates a quick lube facility offering oil changes.  As to

18   marketing channels, both Plaintiff and Defendant sell their products directly to the public at the retail

19   level.  As to strength of marks, the MOBIL Marks are strong, with registered trademarks and

20   continuous use.  As to intent, an inference of bad faith is warranted given Defendant's use of the

21   marks after receipt of cease and desist letters.  As to confusion, this factor is not dispositive.  *See*

22   *Park 'n Fly*, 782 F.2d at 1509.  As to likelihood of expansion, this factor is insignificant because the

23   goods and services provided by the parties are identical.  *Brookfield*, 174 F.3d at 1060 ("likelihood of

24   expansion in product lines factor is relatively unimportant where two companies already compete to

25   a significant extent").  As to the degree of care of consumers, it is likely that potential purchasers will

26   not exercise a high degree of care because motor oil and automotive lubrication services are not

27   generally high priced items.  Plaintiff demonstrates a likelihood of confusion under the *Sleekcraft*

28

1   factors.

2          Accordingly, taking the factual allegations in the complaint as true, Plaintiff has stated claims

3   for trademark infringement under federal law and for unfair competition under federal and state law.

4          ii.     Federal and State Dilution

5          Plaintiff brings dilution claims under both federal and California law.  The analysis under

6   each is the same.  *Jada Toys*, 518 F.3d at 634.  To prevail on its dilution claims, Plaintiff must show

7   that (1) the mark is famous and distinctive; (2) Defendant is making use of the mark in commerce;

8   (3) Defendant's use began after the mark became famous; and (4) Defendant's use of the mark is

9   likely to cause dilution by blurring or dilution by tarnishment.  *Id.*  Here, Plaintiff alleges that the

10  MOBIL Marks are famous, Defendant is making use of the MOBIL Marks in commerce,

11  Defendant's use began after the MOBIL Marks became famous and Defendant's unauthorized use is

12  likely to cause dilution of the famous MOBIL Marks.  Complaint ¶¶ 18-20, 23, 26, 28, 35.  Taking

13  the allegations in the complaint as true, the Court finds that Plaintiff has stated a claim for dilution

14  under federal and state law.

15         Based on the above, the Court finds that the merits of substantive claims and sufficiency of

16  the complaint weigh in favor of granting default judgment.

17         2.      Remainder of *Eitel* Factors

18         With regard to the amount of money at stake, Plaintiff is not now seeking monetary damages

19  for its infringement claims, only an injunction.  As to a dispute over material facts, Defendant has

20  not appeared to suggest a dispute.  There also is no evidence that Defendant's default was due to

21  excusable neglect.  Thus, the Court finds that the remaining *Eitel* factors favor default judgment.

22         C.      Injunctive Relief

23         Plaintiff seeks injunctive relief to enjoin Defendant's use of the MOBIL Marks.  Under the

24  Lanham Act, injunctive relief is available to prevent future trademark infringement.  *See* 15 U.S.C. §

25  1116(a) (court has power to grant injunctions to prevent violation of any right of the registrant of a

26  registered mark); *Century 21 Real Estate Corp.*, 846 F.2d at 1180-81 ("Injunctive relief is the

27  remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at

28

law for the injury caused by a defendant's continuing infringement.").  A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1138 n. 11 (9th Cir. 2006).  Here, Plaintiff contends that it has suffered irreparable injury by Defendant's unauthorized use of the MOBIL Marks, there are no remedies at law to compensate Plaintiff, injunctive relief would not harm Defendant because it could continue to operate a quick lube facility, and a permanent injunction will prevent consumer deception or confusion.  The Court recommends entry of a permanent injunction to prevent Defendant from any future infringement of Plaintiff's marks and to enjoin unauthorized use of Defendant's Mobil Marks.

## D.   Attorneys' Fees and Costs

Finally, Plaintiff seeks an award attorneys' fees and costs pursuant to the Lanham Act. Attorneys' fees may be awarded to the prevailing party under the Lanham Act in exceptional cases. *See* 15 U.S.C. § 1117(a).  A case is exceptional where the defendant is found to have acted maliciously, fraudulently, deliberately or willfully.  *See Earthquake Sound Corp. v. Bumper Indus*, 352 F.3d 1210, 1216 (9th Cir. 2003).  In the Complaint, Plaintiff alleges that Defendant knowingly infringed on the MOBIL Marks and willfully intended to trade on Plaintiff's reputation.  Complaint ¶¶ 35-36.  Plaintiff requests attorney fees in the amount of $15,496.34.  Cadwell Dec. ¶ 3.

Plaintiff also requests legal expenses in the amount of $42.14 and court costs in the amount of $619.00.  Cadwell Dec. ¶ 13.  The Lanham Act permits a plaintiff to recover the costs of the action.  15 U.S.C. § 1117(a); *see also World Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270 (D.Haw. 2008) (court adopted special master's report that included finding that costs and out of pocket expenses such as postage and messenger service are recoverable under Lanham Act); *Levi Strauss & Co. v. Fox Hollow Apparel Group*, LLC, 2007 WL 1140648 (N.D.Cal. 2007) (finding amount for costs of $874.66 reasonable in light of the funds expended for court filings, service of

1    process, and collecting evidence in trademark infringement action).

2          The Court recommends that Plaintiff be awarded its attorneys' fees and costs.

3                                      **RECOMMENDATION**

4          For the reasons discussed above, the Court HEREBY RECOMMENDS that:

5    1.    The Clerk of the Court be DIRECTED to enter Defendant Future Group LLC's

6          default.

7    2.    Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant

8          Future Group LLC be GRANTED;

9    3.    Plaintiff be GRANTED the following permanent injunction pursuant to 15 U.S.C. §

10         1116:

11         A. Effective immediately, Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant are
12         PERMANENTLY ENJOINED from using or displaying any of Plaintiff's MOBIL trademarks, namely the marks MOBIL, the MOBIL Logo, MOBIL 1, the MOBIL
13         1 design and the MOBIL 1 LUBE EXPRESS Logo (hereinafter collectively identified as the "MOBIL Marks" and as further identified in Plaintiff's Original
14         Complaint), and/or any other mark that is confusingly similar to any of Plaintiff's MOBIL Marks, including the mark "MOBILL." This permanent injunction further
15         requires Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant to take the following
16         actions within thirty (30) days of date issuance of this Final Judgment:

17              a.  immediately modify Defendant's property to remove or otherwise eliminate Plaintiff's MOBIL Marks, including any signs bearing any of the MOBIL
18                  Marks, and/or any other mark that is confusingly similar to any of the MOBIL Marks, including the mark "MOBILL";
19
20              b.  immediately cease use of any of the MOBIL Marks, and/or any other mark that is confusingly similar to any of the MOBIL Marks, in telephone directory
                    listings, online business listings, and any other business listings, including the
21                  mark "MOBILL";

22              c.  show proof of destruction or obliteration of, any and all products, labels, signs, prints, menu boards, packages, wrappers, receptacles, advertisements, letters,
23                  stationery, invoices, and any other materials in Defendant's possession or control that use or display any of the MOBIL Marks, and/or any other mark
24                  that is confusingly similar to any of the MOBIL Marks, including the mark "MOBILL"; and
25
26              d.  serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

27   4.    Plaintiff be AWARDED attorneys' fees in the amount of $15,496.34 and costs in the

28                                          8

amount of $619.00 pursuant to 15 U.S.C. § 1117(a).

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within **fourteen (14) days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).


IT IS SO ORDERED.

    **Dated:**   **June 29, 2012**            _____**/s/ Dennis L. Beck**_____
                                             UNITED STATES MAGISTRATE JUDGE

9