IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXXON MOBIL CORPORATION, | 1:12-cv-456 AWI DLB |
| Plaintiff, | ORDER ON FINDINGS AND RECOMMENDATION |
| vs. | (Document 15) |
| FUTURE GROUP LLC, | |
| Defendants. | |

On June 29, 2012, the Magistrate Judge issued Findings and Recommendation (F&R) that Plaintiff's request for entry of default and motion for default judgment be GRANTED. The Findings and Recommendation was served on all parties appearing in the action and contained notice that any objections were to be filed within fourteen (14) days of the date of service of the order. No objections were filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that Plaintiff is entitled to a permanent injunction. However, the Court must respectfully decline to adopt the F&R with respect to attorney's fees and costs.

Plaintiff relies on 15 U.S.C. § 1117(a) as the statutory basis for an award of attorneys fees. The amount of attorney's fees to be awarded under § 1117(a) is determined by utilizing the lodestar

1  method.  See Cairns v. Franklin Mint, Co., 292 F.3d 1139, 1157 (9th Cir. 2002); Intel Corp. v.
2  Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 1993).  According to the 'lodestar' method, "the most
3  useful starting point for determining the amount of a reasonable fee is the number of hours
4  reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart,
5  461 U.S. 424, 433 (1983); Cairns, 292 F.3d at 1157; Intel, 6 F.3d at 622; see also Van Gerwen v.
6  Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  "The party seeking an award of fees
7  must submit evidence supporting the hours worked and the rates claimed."  Hensley, 461 U.S. at
8  433; Van Gerwen, 214 F.3d at 1045.  " The fee applicant has the burden of producing satisfactory
9  evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those
10 prevailing in the community for similar services."  Intel, 6 F.3d at 622.  With a limited exception, the
11 appropriate legal "community" for lodestar purposes is the forum in which the district court sits.
12 Schwartz v. Secretary of HHS, 73 F.3d 895, 906-07 (9th Cir. 1995); Gates v. Deukmejian, 987 F.2d
13 1392, 1405 (9th Cir. 1993); see also Mendenhall v. NTSB, 213 F.3d 464, 471 n.5 (9th Cir. 2000).
14 "In appropriate cases, the district court may adjust the presumptively reasonable lodestar figure based
15 upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) . . . ."
16 Cairns, 292 F.3d at 1158; Intel, 6 F.3d at 622.  "In setting a reasonable attorney's fee, the district
17 court should make specific findings as to the rate and hours it has determined to be reasonable."
18 Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000).  Without additional supporting evidence and
19 documentation, conclusory statements by counsel regarding the reasonableness of a requested fee are
20 insufficient to support a fee award.  See Gracie, 217 F.3d at 1070-71; Intel, 6 F.3d at 622-23.
21      Here, the only evidence submitted in support of the request for attorneys fees is the
22 declaration of Plaintiff's counsel.  The declaration identifies the attorneys who worked on this case,
23 states that counsel has reviewed the billing records, states that a lump sum of $15,454 was expended,
24 that this sum represents the customary fee for the Baker Botts law firm, and that the fee is reasonable
25 in light of the civil litigation in the state of California.  See Caldwell Dec. ¶¶ 8-13.  The declaration
26 then states that the Plaintiff incurred costs of $42 and $619.  See id. at ¶ 13.
27      The declaration of Plaintiff's counsel does not meet Plaintiff's burden.  Among other things,
28 there is no identification of the hours worked either in total or by each individual attorney, there is no

indication of what each attorney did, there is no description of the costs claimed, and there is no indication of what the reasonable rates charged by attorneys in the Eastern District of California – Fresno Division are.[1]  The Court cannot calculate a lodestar amount with the evidence submitted by Plaintiff.  Because it is Plaintiff's burden to submit sufficient evidence to support an award of attorney's fees, and Plaintiff has failed to do so, the Court will not award attorneys fees or costs at this time  See  Hensley, 461 U.S. at 433; Gracie, 217 F.3d at 1070-71; Van Gerwen, 214 F.3d at 1045; Intel, 6 F.3d at 622-23; Gates, 987 F.2d at 1405.

However, the Court agrees with the F&R that this case is "exceptional" for purposes of 15 U.S.C. § 1117(a).  The combination of the cease and desist letters, the nature of the initial similarity between Plaintiff's marks and Defendant's signage, and the nature of the response (merely adding an extra "l" so that the signage reads "Mobill") indicate that Defendant acted willfully with respect to Plaintiff's marks.  See Complaint Exs. B1, B2, B3.  Willful conduct is a sufficient predicate for the imposition of attorneys fees under 15 U.S.C. § 1117(a).  See Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003).  In light of the demonstrated willful conduct by Defendant, the Court will give Plaintiff one more opportunity to submit sufficient evidence to support an award of attorney's fees.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 29, 2012, is ADOPTED except with respect to an award of attorney's fees and costs under 15 U.S.C. § 1117(a);
2. The Clerk of the Court is DIRECTED to enter Defendant Future Group LLC's default;
3. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant is GRANTED;
4. Plaintiff is GRANTED the following permanent injunction pursuant to 15 U.S.C. § 1116:

---

[1] This list is not intended to be exhaustive.

      A.    Effective immediately, Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant are PERMANENTLY ENJOINED from using or displaying any of Plaintiff's MOBIL trademarks, namely the marks MOBIL, the MOBIL Logo, MOBIL 1, the MOBIL1 design and the MOBIL 1 LUBE EXPRESS Logo (hereinafter collectively identified as the "MOBIL Marks" and as further identified in Plaintiff's OriginalComplaint), and/or any other mark that is confusingly similar to any of Plaintiff's MOBIL Marks, including the mark "MOBILL." This permanent injunction further requires Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant to take the following actions within thirty (30) days of date issuance of this Final Judgment:

          a.    immediately modify Defendant's property to remove or otherwise eliminate Plaintiff's MOBIL Marks, including any signs bearing any of the MOBIL Marks, and/or any other mark that is confusingly similar to any of the MOBIL Marks, including the mark "MOBILL";

          b.    immediately cease use of any of the MOBIL Marks, and/or any other mark that is confusingly similar to any of the MOBIL Marks, in telephone directory listings, online business listings, and any other business listings, including the mark "MOBILL";

          c.    show proof of destruction or obliteration of, any and all products, labels, signs, prints, menu boards, packages, wrappers, receptacles, advertisements, letters, stationery, invoices, and any other materials in Defendant's possession or control that use or display any of the MOBIL Marks, and/or any other mark that is confusingly similar to any of the MOBIL Marks, including the mark "MOBILL"; and

          d.    serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Plaintiff may file additional evidence, consistent with the above analysis and discussion, in support of its request for attorneys fees within fourteen (14) days of service of this order; and

6. The failure to timely file additional evidence will result in the withdrawal of leave to file additional evidence and the closing of this case without further notice.

IT IS SO ORDERED.

Dated:    July 31, 2012         /s/ signature
                                         CHIEF UNITED STATES DISTRICT JUDGE